FILED
IN CLERKS OFFICE
U.S.
4 2006
P.M.
A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SOCCORRO SANTIAGO,

                      Plaintiff,

-against-

RAPID ARMORED CORPORATION,

                      Defendant.

-------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**04 CV 4721 (NGG) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff filed this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), alleging that defendant discriminated against her by terminating her because of her gender. Defendant moves to dismiss the action pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. The Honorable Nicolas G. Garaufis referred this motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion should be granted and plaintiff's complaint should be dismissed.

## BACKGROUND

The following facts are not in dispute and are viewed in the light most favorable to plaintiff. Plaintiff, a female, was employed as a secretary and the gun custodian at Rapid Armored Corporation ("Rapid") for eighteen and one-half years, from October 8, 1986 until September 21, 2004. Complaint at 4. Plaintiff's responsibilities as the gun custodian included checking out guns to the guards, maintaining records concerning gun licenses, and making sure that guards kept current

1

with test and license requirements. Defendant's Motion, Handler Aff. ¶ 3. Plaintiff alleges she worked well with the Police Department and with her fellow co-workers. Complaint at 7. One day in June of 2004, plaintiff alleges she was called by a Police Officer Fistisimons (sic) and was told to take away the weapon and pistol license of Ronald Vasquez, the day-shift supervisor at Rapid. Complaint at 9. As a result of this incident, plaintiff had several arguments with Mr. Vasquez, as well as with Mr. Ambrosino, Rapid's Vice President. *Id.* On September 21, 2004 plaintiff was told that the company no longer needed her services, Complaint at 11-12, and that "management felt that someone in management should hold this position and not just an employee of the company." Complaint at 4.

On October 4, 2004, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant retaliated against her "because of the case between Mr. Ronald Vasquez and Mr. Rene Santiago [i]n which my son Christopher D. Soto had to testify in behalf of Mr. Rene Santiago." Complaint at 7. Plaintiff only checked the box for "retaliation" on the EEOC discrimination charge form. Def. Memorandum at 2. On October 6, 2004, plaintiff filed another charge of discrimination with the EEOC, this time checking the box for "national origin" as the basis for the discrimination alleged. *Id.* at 3. The EEOC issued plaintiff a right to sue letter dated October 14, 2004 and on October 29, 2004, plaintiff filed the instant action alleging discrimination based on her gender. The Court held a pre-motion conference in this matter on January 4, 2005. Defendant filed a motion to dismiss the action pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Plaintiff opposed defendant's motion.

## DISCUSSION

### I. Standard of Review

Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and 12(c) for judgment on the pleadings. Under Rule 12(c), a court must determine whether "the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Serv., Inc. V. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Ziemba v. Wezner et al., 366 F.3d 161, 163 (2d Cir. 2004)(citations omitted). A Court should only dismiss a complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint that would entitle the plaintiff to relief. *See* Weixel et al. v. Board of Education et al., 287 F.3d 138, 145 (2d Cir. 2002)(citations omitted). The Court must therefore accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See* Ziemba, 366 F.3d at 163. The issue is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. *See* Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996). The Court must "confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. V. Israel Disc. Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. WestPoint- Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). Where, as here, a party is proceeding *pro se*, the Court is obliged to read his supporting

3

papers liberally, and will interpret them "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**II. Exhaustion of Administrative Remedies**

A plaintiff wishing to bring a Title VII claim in district court must exhaust all administrative remedies. *See* Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001)(a plaintiff may bring an action "only after filing at timely charge with the EEOC or with 'a state or local agency with the authority to grant or seek relief from such practice.'"(quoting 42 U.S.C. § 2000e-5(e)). It is well settled that "the exhaustion of administrative remedies is a precondition to bringing a Title VII action in federal court, rather than a jurisdictional requirement." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)(citations omitted).

"[A] plaintiff typically may raise in the district court complaint only those claims that either were included in or are 'reasonably related to' the allegations contained in her EEOC charge." Holtz, 258 at 83 (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)). A claim raised for the first time in the district court is "reasonably related" to the allegations in an EEOC charge only when: (1) "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) the plaintiff is alleging "retaliation by an employer . . . for filing an EEOC charge;" or (3) the plaintiff is alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Holtz, 258 at 83 n.6 (quoting Butts, 990 F.2d at 1402-03).

In the instant case, plaintiff's charge of discrimination at the EEOC alleged national origin

4

discrimination. Plaintiff's instant complaint does not allege national origin discrimination but rather raises gender as the basis for the alleged discrimination. Plaintiff states that "Puntillo told me that I was being let go from the company because my services were no longer needed," Complaint at 7, and opines that "to tell me after all those years that my services were no longer needed because my job was given to someone in management is unfair." Complaint at 4(Cont.). Plaintiff did not refer to gender discrimination when she filed her charge with the EEOC. Plaintiff's only reference to gender discrimination in her instant complaint is her allegation that "these jobs (for supervisor in the management department) were given to male co-workers." *Id.* Otherwise, plaintiff makes no mention of discrimination based on either her gender or natural origin.

Furthermore, plaintiff does not allege that the claims of national origin and gender based discrimination could be construed as "reasonably related" to one another. Although the Court is sympathetic to plaintiff's loss of her job after more than eighteen years, her claim that management is unfair does not establish a basis upon which to consider her gender discrimination claim. The newly presented gender claim is not reasonably related to the national origin claim she raised at the EEOC. Because plaintiff's gender discrimination claim was not presented to the EEOC, she has not exhausted her administrative remedies and thus fails to satisfy the condition precedent for bringing this action.

### III. Failure to State a Claim Upon Which Relief Can be Granted.

Even if plaintiff's gender and national origin claims were construed as reasonably related, and therefore plaintiff's claim of gender discrimination had been exhausted, plaintiff's gender claim would still be dismissed for failure to state a claim upon which relief can be granted.

In order to support a claim of discrimination under Title VII, a plaintiff must provide notice to defendants of the relative facts underlying the discrimination claim. Here, plaintiff does not allege how her national origin played a role in the discrimination. *See* Whyte v. Contemporary Guidance Services, Inc., No. 03 CV 5544(GBD), 2004 WL 1497560 (S.D.N.Y. July 2, 2004)(plaintiff had not pled a hostile work environment claim where the complaint gave insufficient notice of the basis for the claim). Plaintiff states that she was not offered another position within the company when "other employees who had been removed from their positions had been given an opportunity to go to other locations." Complaint at 7. Plaintiff claims "other employees who were male were offered other positions within the company...and presently they're still hiring." *Id.* Although these allegations relate to her gender, plaintiff's complaint states that the reason for her termination was that "management felt that someone in management should hold this position and not just an employee of the company." Complaint at 4. Plaintiff alternatively suggests that the true reason for her termination was "the case between Mr. Ronald Vasquez and Mr. Rene Santiago [i]n which my son Christopher D. Soto had to testify in behalf of Mr. Rene Santiago." Complaint at 7. These statements make no mention of gender as a motivation for plaintiff's termination. While the circumstances surrounding plaintiff's termination are indeed unfortunate and, as recounted by the plaintiff, surely seem unfair, unfair treatment cannot sustain a discrimination claim under Title VII.

Furthermore, plaintiff misconstrues the meaning of "retaliation" as defined by the statute. Plaintiff asserts that she was terminated in retaliation for her son's testimony in a labor action and because she revoked Mr. Vasquez's pistol. However, the conduct proscribed by Title VII is retaliation for filing a discrimination charge; not retaliation for other conduct. Even when liberally construed, plaintiff's retaliation and gender discrimination allegations fail to state a claim upon

which relief can be granted.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant defendant's motion to dismiss the complaint pursuant to Rules 12(c) and 12(b)(6) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be have made to the District Judge within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

LOIS BLOOM
United States Magistrate Judge

Dated: March 23, 2006
Brooklyn, New York